# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### SOUTHERN DISTRICT

| | |
|---|---|
| **Norman Lee Gunn, in his personal appearance as,** ) | **Case #:** 25-cv-4034 |
| **Plaintiff,** ) | |
| **vs.** ) | **MEMORANDUM** |
| ) | **OF AUTHORITIES** |
| **Kipp Stearns, in his individual and official capacity** ) | |
| **as Deputy Sheriff, Katelynn B. Hoffman, in her** ) | |
| **individual and official capacity as Turner County** ) | |
| **District Attorney, the Honorable Donna L. Bucher** ) | |
| **Jointly and Severely,** ) | |
| **Defendants,** ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

     **COMES NOW, THE PLAINTIFF, NORMAN LEE GUNN,** appears Attorney Pro Se, and in furtherance of his Complaint against Mr. Kipp Stearns in his individual and official capacity as Deputy Sheriff for Turner County, South Dakota, Katelynn B. Hoffman, in her individual and official capacity as Turner County District Attorney, and the Honorable Donna L. Bucher in her individual and official capacity as Judge in Turner County herein states the following:

## STATEMENT OF FACTS

     There is a panoply of players and a milieu of material facts, but the material facts that are relevant to this case are undisputed. On September 12, 2023, Plaintiff was stopped by Deputy Kipp Stearns allegedly for not having license plates on his personal vehicle.

     The plaintiff exited his vehicle to inquire why he was being stopped. To his surprise Deputy Kipp grabbed his arm and twisted his arm behind his back, where he immediately placed handcuffs on the Plaintiff effectively taking him into custody. Mr. Kipp performed a pat down and removed a pistol from the Plaintiff. Plaintiff explained to Kipp that he had not committed any crime, that the United States Supreme Court had held that an individual citizen driving his personal vehicle was not required to have license plates on his personal vehicle in order to travel the streets, roads, highways, and interstates in America. Kipp issued a citation in direct noncompliance of the Supreme Court's decisions. Once informed, Kipp should have stopped what he was doing and either investigated further before citing the Plaintiff, or just let him go on his way.

     On or about September 29, 2023, Kipp stopped the Plaintiff for a second time in two weeks and issued another citation for the same offense, again with the knowledge that he did not have Probable Cause to do so. This time the Plaintiff left his pistol in his vehicle. The Plaintiff's pistol was seized by another deputy without a warrant or any exception to a warrantless search.

Furthermore, Kipp impounded the Plaintiff's personal vehicle, depriving the Plaintiff of said personal property without Probable Cause, a Warrant, and without Due Process for more than 111 days.

The plaintiff appeared in court on the first citation issued by Deputy Kipp. The plaintiff stood his ground on Constitutional Rights and refused to plead to a crime he did not commit. Although the first citation was not prosecuted against the Plaintiff, the District Attorney Katelynn Hoffman told the court that they would, **"GET HIM"** at the next hearing.

The Plaintiff made his appearance on the second citation, again refused to plead, wherein, the Court threatened Plaintiff with contempt of court if he did not plead, but Plaintiff continued to stand on his Constitutional Rights. The Court entered a plea for the Plaintiff. A violation of **42 US Code § 12203(a).**

Shortly thereafter, the Defendant Hoffman sent the Plaintiff a letter wanting Plaintiff to take a plea deal. Plaintiff declined Hoffman's plea offer, wherein, Hoffman threatened to file criminal charges upon the Plaintiff. Thereafter, case 62POA.23-208 was filed. Notice of Entry was filed, and. . . .

On January 8, 2024, Plaintiff received a letter from the Turner County Court advising him that he no longer is required to come back to court, and that all charges have been dropped against him (e.g., 23-208 and 23-258) were dismissed.

## JURISDICTION AND VENUE

- **ARTICLE III – "The judicial power extends to all cases. . . ; 28 U.S. Code § 1331 – Federal Question"; "28 U.S. Code § 1343(a) Supplemental Jurisdiction."**

## STANDARD OF REVIEW

**STRICT SCRUTINY** – State must have a **"Compelling Interest"** and it must be **"Narrowly Tailored"** to be applied where a law may be infringing on individual freedoms."

## QUESTIONS OF LAW

1. Was Plaintiff, Norman Gunn denied his Constitutionally protected Common Law right to travel where the State has converted the right to travel into a privilege? **YES**

2. Was the Plaintiff, Norman Gunn denied due process of law by the State wherein the State ignored the Common Law principles of personal property rights and principles of a crime and prosecuted the Plaintiff under Statutory Rules that circumvent the United States Constitution and the Common Law? **YES**

**2.**

3.    Were Plaintiff's Common Law and Constitutionally Protected Fundamental Rights violated as applied to the State's through the Fourteenth Amendment by the States prosecution for not obtaining license plates of his personal vehicle(s)? **YES**

4.    Was the Plaintiff, Norman Gunn denied a fair and impartial trial when he was threatened with contempt by the Judge for arguing the law with the court? **YES**

## U.S. CONSTITUTION

- **ARTICLE III – "The judicial power shall extend to all cases. . . ."**
- **ARTICLE VI – "The Constitution is the Supreme Law of the Land judges are bound thereby. . . ."**
- **1st Amendment – "Right to pursue Life, Liberty and Happiness."**
- **4th Amendment – "Right to be free from Unreasonable Search and Seizures. . . ."**
- **5th Amendment – "Right to Due Process. . . ."**
- **14th Amendment – "Right to Apply the Bill of Rights Protection to the States. . . ."**

## FEDERAL & STATE STATUTORY LAW

- **42 U.S. Code § 1983 – Violation of Civil Rights.**
- **28 U.S. Code § 1331 – Federal Question.**
- **28 U.S. Code § 1343(a) – Original Jurisdiction.**
- **28 U.S. Code § 1367(a) – Supplemental Jurisdiction.**
- **28 U.S. Code § 1391(b) – Venue.**
- **28 U.S. Code § 1985 – Conspiracy to Interfere with Civil Rights.**
- **42 U.S. Code § 12203(a) - Prohibition of Retaliation and Coercion.**
- **SDCL § 32-1-3 Motor vehicle powers of Department of Revenue.**
- **SDCL § 32-5-98. Operation of motor vehicles without visible license plates prohibited-- Removal of unauthorized plates--Violation as misdemeanor.**

## CASE LAW

a.    ***Buchanan v. Warby***, 245 US 60 (1917)..............................
      "The police power of the State must be exercised in subordination to the provisions of the U.S. Constitution."

b.    ***Boyd v. United States***, 116 US 616.................................
      "It is the duty of the courts to be watchful for the Constitutional rights of the citizens and against any stealthy encroachments thereon."

3.

c.   ***Byers v. United States***, 273 U.S. 28, 32 (1927)....................
"Constitutional provisions to be liberally construed."

d.   ***Chicago Motor Coach v. Chicago***, 169 NE 22...................
Ligare v. Chicago, 28 NE 934.
Boon v. Clark, 214 SSW 607.
"The use of the highways for the purpose of travel and transportation is
not a mere privilege, but a common and fundamental right of which the
public and the individual cannot be rightfully deprived........'"

e.   ***Connelly v. Union Sewer Pipe Co.***, 184 U.S. 540...............
"With regard to the U.S. Constitution, it is elementary that a right secured
or protected by the document cannot be overthrown or impaired by any
state police authority."

f.   ***Hale v. Henkel***, 201 U.S. 43 (1906)..............................
"We are of the opinion that there's a clear distinction. . . between an
individual and a corporation.... The individual may stand upon his
constitutional rights as a citizen. He is entitled to carry on his private
business in his own way. His power to contract is unlimited.  He owes
no duty to the State. . . .  He owes no such duty to the State, since he
receives nothing therefrom beyond the protection of his life and property.
His rights are such as existed by the law of the land antecedent to the
organization of the State, and can only be taken from him by due process
of law, and in accordance with the Constitution."

g.   ***Hurtado v. California***, 110 U.S. 516..............................
"The State cannot diminish Rights of the people.  Due process of the law
is process of law according to the law of the land, i.e. the U.S.
Constitution as exercised within the limits prescribed and interpreted
according to the principles of common law."

h.   ***Marbury v. Madison***, 5 U.S. 137...................................
"The Constitution is the Supreme Law of the Land.  Any law that usurps
the Constitution is null & void from its inception, and can be ignored with
impunity."

i.   ***Miller v. U.S.***, 230 F.2d 486, 489.................................
"The claim and exercise of a Constitutional Right cannot be converted into
a crime."

j.   ***Miranda v. Arizona***, 384 U.S. 436, 491.........................
"Where rights secured by the Constitution are involved, there can be no
rulemaking or legislation which would abrogate them."

**4.**

k.    ***Murdock v. Pennsylvania***, 319 U.S. 105..........................
"The State may not convert a secured liberty into a privilege and issue a
license and fee for it."

l.    ***Sherbert v. Verner***, 374 U.S. 398 (1963)..........................
"First Amendment case, U.S. Supreme Ct. overturned South Carolina
Supreme Court. The court created the Sherbert Test to determine whether
government acts infringe upon [individual] freedoms. Of note:
"compelling interest" and "narrowly tailored" are key requirements for
strict scrutiny – to be applied where a law may be infringing on individual
freedoms."

m.    ***Shuttlesworth v. Birmingham, Alabama***, 373 U,S, 262........
"If the State does convert your right into a privilege and issue a license
and charge a fee for it, you can ignore the license and fee and engage in
the right with impunity."

n.    ***Simmons v. United States***, 390 US 389..........................
"We find it intolerable that one Constitutional Right should have to be
surrendered in order to assert another."

o.    ***Sherar v. Cullen***, 481 F.2d 945..................................
"There can be no sanction or penalty imposed upon one because of this
exercise of Constitutional Rights."

p.    ***Stephenson v. Binford***, 287 US 251..............................
"Explains the distinction between 'a Right' to use public roads and 'a
Privilege.'""

q.    ***Thompson v. Smith***, 154 SE 579..................................
"The Right of the citizens to travel. . . is not a mere privilege. . . but a
common Right which he has under the right to "life, liberty, and the
pursuit of happiness."

r.    ***United States v. Carolina Products Co.***, 304 U.S. 144 (1938).
"Strict Scrutiny Standard."

s.    ***US v. Bishop***, 412 US 346..........................................
"Regarding criminal elements required to be proven. . . willfulness is one
of the major elements defined as an "evil or intent to avoid a known
duty. . . under the law."

t.    ***Heitman v. State*** 815 S.W.2d 681 (Tex.Crim.. App 1991), and ***Hulit v.
State***, 982 S.W.2d 431 (Tex.Crim.App. 1998).

## ARGUMENT

1. **Was Plaintiff, Norman Gunn denied his Constitutionally protected Common Law right to travel where the State has converted the right to travel into a privilege and charge a fee for it? YES!**

The Plaintiff Norman Lee Gunn herein after known as Norman, claims he has both a Common Law and a Constitutional Right to freely travel the roads, streets and highways anywhere in the United States without interference, so long as he does not impede the rights of others. The State claims in accordance with **SDCL § 32-1-3 Motor vehicle powers of Department of Revenue** – that the [South Dakota] Department of Revenue shall exercise the powers, and have charge of and perform functions, duties, and services with respect to the registration and licensing of motor vehicles . . . and under **SDCL § 32-5-98**, no person may operate or drive a motor vehicle on the public highways of this state unless the vehicle has a distinctive number assigned to it by the department, and two number plates, bearing the number conspicuously displayed. . . . Norman asserts affirmatively that these State laws violate his Common Law and Constitutional Rights. It appears South Dakota's Motor Vehicle statutes are designed to raise revenue and convert a right into a privilege and then charge a fee for it. See *Murdock v. Pennsylvania*, 319 US 105, the Court held, "The State may not convert a secured liberty into a privilege and issue a license and charge a fee for it."

Article III, Section 2, Clause 2 of the Constitution grants the Supreme Court "original Jurisdiction" over "all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party." Article III, Section 2, Clause 1 of the Constitution . . . shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States . . . between a State, or the Citizens thereof. . . . Particular note here, the State's police powers must be exercised in subordination to the provisions of the U.S. Constitution. See *Buchanan v. Warley*, 245 US 60 (1917).

In *Chicago Motor Coach v. Chicago*, 169 NE 22, the Court held, "[It] is elementary that a Right secured or protected by [the Constitution] cannot be overthrown or impaired by any state police authority." Norman was conducting his own business not hurting or interfering with any others rights. Norman was not operating at any time material to this proceeding as a commercial operator. Exercising one's Common Law and Constitutional Rights is not a crime. See *Miller v. U.S.*, 230 F.2d 486, 489, where the Court held, "The claim and exercise of a Constitutional Right cannot be converted into a crime – i.e. violation of **SDCL § 32-5-98**.

The Constitution is the Law of the Land in deciding issues concerning an individual's rights when the limits of a State's authority usurp these rights and the States interests' conflict with the individual citizen rights. The State must show a **compelling interest** for the law, and the law must be **narrowly tailored** keeping in mind the individual citizens Constitutional Rights are not infringed. See *Sherbert v. Verner*, 374 US 398 (1963). See also **Strict Scrutiny** – burden.

7.

Here, Norman is relying on his First Amendment Right of Life, Liberty, and the pursuit of Happiness. Under the **"Sherbert Test"** the Court looks to see if the State's action interferes with the free exercise of his or her Constitutional Rights. As the record indicates, the State's vehicle licensure statute violates Norman's First Amendment Constitutional protections. See also ***Marbury v. Madison***, 5 U.S. 137; ***Boyd v. United States***, 116 US 616.

The Supreme Court has repeatedly held in the panoply of cases that it is the Right of the citizenry to freely travel on the roads, streets and highways of our great country, and that a Right cannot be legislated away by overreaching legislative rulemaking, courts interpretations thereof and police enforcement policies. Quoting ***Chicago Motor Coach v. Chicago***, 169 NE 22. "The use of the highways for the purpose of travel and transportation is not a mere privilege, but a common and fundamental Right of which the public and the individual cannot be rightfully deprived."

In ***Connolly v. Union Sewer Pipe Co.***, 184 US 540, the Court stated, "With regard particularly to the U.S. Constitution, it is elementary that a Right secured or protected by the Constitution cannot be overthrown or impaired by any state police authority."

On this topic, ***Hale v. Henkel***, 201 U.S. 43 (1906) the Court held, "We are of the opinion that there's a clear distinction . . . between an individual and a corporation.... The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way . . . He owes no duty to the state . . . His rights are such as existed by the law of the land long antecedent to the organization of the State and can only be taken from him by due process of law, and in accordance with the Constitution."

Considering the holdings in the above numerated cases, the answer to Norman's first question of Law is a resounding **YES!**

2. **Was the Plaintiff, Norman Gunn denied due process of law by the State wherein the State ignored the Common Law principles of personal property rights and principles of a crime and prosecuted the Plaintiff under Statutory Rules that circumvent the United States Constitution and the Common Law? YES!**

During the second of two traffic stops in a two-weeks, Deputy Kipp cited Norman a second time. Just like in the first stop two-weeks before, Kipp did not have probable cause to affect the stop. In South Dakota prior to 1983, the standard for justifying an investigatory traffic stop was Probable Cause. See ***State v. Anderson***, 331 N.W.2d 568 (1983). No crime was committed here! Norman's Fourth Amendment right was violated.

Norman contends that although Kipp may have believed he had a reasonable suspicion that Norman was committing a Class 2 Misdemeanor under **SDCL § 32-5-98** he was wrong to assume this fact. Norman disagrees with the new standard of reasonable suspicion because this standard violates the Probable Cause standard promulgated in the Fourth Amendment. Norman relied on ***Marbury v. Madison***, 5 U.S 137, where the Court held the "Constitution is the Law of the Land. Any law in conflict is null and void" from its inception.

8.

See also ***Shuttlesworth v. Birmingham, Alabama***, 373 U.S. 262, the Court held that, "If the state does convert a right into a privilege and issue a license and fee for it, you can ignore the license and fee and engage in the right with impunity." See also ***Murdock v. Pennsylvania***, 319 US 105. Norman was aware of the case law established by the Supreme Court. Norman was exercising his rights under the First Amendment of Life, Liberty, and the pursuit of Happiness.

In ***Byers v. U.S.***, 273 U.S. 28, 32 (1927), the Court held the Constitutional provisions to be liberally construed, and "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against stealthy encroachments thereon." Again, "The police power of the State must be exercised in subordination to the provisions of the U.S. Constitution." ***Buchanan v. Warley***, 245 US 60 (1917). In reaching this conclusion, we recognize that state constitutions cannot subtract from the rights guaranteed by the United States Constitution, but they can provide additional rights to their citizens. The decisions of the Supreme Court represent the minimum protection which a state must afford its citizens. ***Heitman v. State*** 815 S.W.2d 681 (Tex.Crim.App. 1991), and ***Hulit v. State,*** 982 S.W.2d 431 (Tex.Crim.App. 1998).

Norman's personal vehicle was impounded without due process and held by the Turner County Sheriff's Department for one hundred eleven days. Even after the charges were dropped against Norman in January 2024, the Turner County Sheriff refused to release Norman's personal vehicle unless he paid the impound fees. It took a call from the defendant Ms. Hoffman named above to effectuate the release of Norman's personal vehicle without having to pay the fees.

Norman was claiming and exercising a Constitutional Right of "Due Process" in accordance with the Fifth Amendment. The Defendant's knew or should have known they had no probable cause to impound Norman's vehicle, issue the citations, and prosecute him for a crime he didn't commit. The answer to Norman's second question of law is unequivocally. **YES!**

3. **Were Plaintiff's Fourteenth Amendment rights violated by the States prosecution for not obtaining license plates on his personal vehicle(s)? YES!**

Norman relies on the **Procedural Due Process and the Substantive Due Process** of the Fourteenth Amendment as the nexus to the States. The Fourteenth Amendment - Due Process of Law Section (1.) All persons born or naturalized in the United States . . . are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . and deprive any person of life, liberty, or property, without due process of law . . . or the equal protection of the laws.

The Fourteenth Amendment Due process can be broken down into two categories: (a). **Procedural due process** and (b). **Substantive due process.** Procedural due process is based on principles of "fundamental fairness," addresses which legal procedures are required to be followed in state proceedings. Substantive due process – i.e. "Equal Protection" - although also based on principles of "fundamental fairness", allows courts to establish and protect

**9.**

substantive laws and certain fundamental rights from government interference, even if they are unenumerated elsewhere in the U.S. Constitution.

Procedural Due Process calls for a minimum of a trial by a jury of his peers i.e. **an equal protection claim.** Norman was deprived of due process when his personal vehicle was impounded. The vehicle in question was kept from him for 111 days without due process of law.

Moreover, Norman's Substantive Due Process was also violated. Before the State court arrived at the prosecutorial steps, the court should have protected Norman's Common Law and Constitutional Rights. The court refused to protect Norman's rights. Norman stood on his Constitutional Rights, refused to plead guilty to a crime he never committed, but then the court entered a plea for him. See ***Byars v. U.S.***, 273 U.S. 28, 32 (1927), "[I]t is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."

The issue isn't whether the trial court had a reasonable and necessary procedural right to enter a Not Guilty plea for Norman? But did Norman have a Common Law or fundamental right guaranteed under the U.S. Constitution to not plead at all to a non-crime relying on his Constitutional Rights for protection?

Here the record shows that Norman didn't commit a criminal act at all. If no crime is committed there is nothing to plead with. In ***Sherar v. Cullen***, 481 F.2d 945, the court held that, "There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." See also ***US v. Bishop***, 412 US 346, "Regarding criminal elements required to be proven – willfulness is one of the major elements defined as an "evil motive or intent [i.e. mens rea – state of mind] to avoid a known duty . . . under the law."

Norman not only lacked the "mens rea" but he also owed no duty to the State under these facts. In ***Hale v. Henkel***, 201 U.S. 43 (1906) the Court held that, "The individual may stand upon his constitutional rights as a citizen. . . . He owes no duty to the State . . . He owes no duty to the State, since he receives nothing therefrom beyond the protection of his life and property. His rights are such as existing by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution."

To add insult to injury here, the trial court threatened Norman with contempt of court in violation of **42 U.S. Code § 12203(a).** Under **§ 12203(a),** its unlawful to "Coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of their rights granted or protected by **42 U.S. Code § 1983** – Violation of Civil Rights, or Retaliate against any individual who opposes any act or practice made unlawful by this chapter, or who participates in an investigation, proceeding, or hearing under this chapter.

In ***Harlow v. Fitzgerald***, 457 U.S. 800 (1982), the Court held that, [The] public officials are entitled to "qualified immunity" from "liability for civil damages insofar as their conduct does not violate clearly established . . . rights of which a reasonable person would have known."

**10.**

Responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. . . ." "Clever and unusually well-informed violators of constitutional rights will not evade just punishment for his or her crimes" (e.g., State Attorney's or Judges).  The Plaintiff agrees that this standard applies "across the board," to all "government officials."

Procedural Due Process Civil Rights Claims under **42 U.S.C. § 1983** in South Dakota Courts one of the two components of the Fourteenth Amendment's due process clause is put simply, is the requirement that an affected party have some kind of notice and an opportunity to be heard before a governmental decision is made against him or her. See ***Mathews v. Eldridge***, 424 U.S. 319 (1976).

In order to sustain a Fourteenth Amendment deprivation of procedural due process claim, the plaintiff must establish (1) the existence of a constitutionally cognizable liberty or property interest; and (2) a deprivation of that interest without an appropriate level of process or procedural safeguards.  Norman asserts his Fundamental common law right to free travel in furtherance of his Life, Liberty and pursuit of Happiness; and a property right interest in enjoying due process to keep his property from illegal seizure under the Fourth Amendment. The Constitution requires due process "prior" to seizure not "when the State gets around to it!"

In analyzing the first element, whether the plaintiff has a cognizable liberty or property interest, courts look to independent sources. That is, property interests are not created by the U.S. Constitution itself but, rather, are derived from laws, rules or "understandings that secure certain benefits and that support claims of entitlement to those benefits." Examples of independent legal sources where constitutionally protected liberty and property interests can stem from include state statutes, ordinances, contracts, implied contracts, and rules and understandings developed by state officials. See ***Heutzenroeder v. Mesa Cty. Valley School***, 391 Fed. Appx. 688, 691 (10th Cir. 2010).

To be constitutionally cognizable, a liberty or property interest must be both specific and presently enforceable. That is, the liberty or property interest must be more than an abstract need or desire; the plaintiff must have a legitimate claim of entitlement to it.  Examples of cognizable property interests that courts have recognized include, but are not limited to unemployment and social security benefits, access to welfare, and rights granted by local governments and fundamental Rights.

Here Norman is entitled to and can stand on his Constitutionally protected Right to Due Process, Equal Protection, and Life, Liberty and the pursuit of Happiness.  See 5th & 14th Amdt.

In other words, a particular interest will be more likely to be seen as a fundamental Right, and less as a discretionary grant, where the procedures direct a particular outcome and limit the amount of discretion involved in coming to that outcome.  See ***Hale v. Henkel*** 201 U.S. 43 (1906).

**11.**

One important note, however, is that there is no cognizable property interest in procedure only. That is, where the alleged interest is purely that a particular procedure was not followed, and there is no actual deprivation of liberty or property, the procedure itself cannot be used to establish a cognizable liberty or property interest.

Norman claims a common law and fundamental Right that has been trampled on by the trial court and the District Attorney. The threat of contempt by the court in retaliation for not pleading to a crime Norman didn't commit, and threats of criminal charges for not taking a plea bargain are contrary. Norman didn't have any rights here. The court even told Norman that. "We don't follow Article III in this courtroom." Criminal persecution just to win a case is not fair or impartial to overcome a valid Deprivation of liberty or a property rights claim.

Where a cognizable liberty or property interest is at issue, the analysis turns to the second element, whether a "deprivation of that interest occurred without appropriate procedural safeguards." They turn to federal constitutional law to determine the second, appropriate level of process element. In analyzing this second element, courts apply a 3 factor balancing test to determine if sufficient process was provided. Specifically, the courts weigh:

    (1) the private interest that will be affected by the governmental action at issue.
        **Here, Norman has an undisputed Constitutional Right to travel . . . ; and a**
        **Due Process property right requiring a minimum of "notice, a hearing, and an**
        **impartial tribunal". . . ;**
    (2) the risk of an erroneous deprivation of such interest through the procedures used,
        and the probable value, if any, of additional or substitute procedural safeguards,
        **here, Norman is entitled to stand on Common Law precedents prior to the**
        **procedures, and subsequent fundamental protections guaranteed by the U.S.**
        **Constitution thereafter. Whether or not Norman pleaded innocent, or he's**
        **found guilty, he faced a Class 2 Misdemeanor for a charge he couldn't have**
        **committed based on his fundamental Rights. The Court's duty is to protect**
        **Norman's Rights;**
    (3) the government's interest, including the function involved and the fiscal and
        administrative burdens that the additional or substitute procedural requirements
        would entail, **here, Stare Decisis precludes any State Action that violates**
        **Common Law, Constitutional Law, or Supreme Cout case precedent. There is**
        **no discretionary areas here. Any statute that usurps the Constitution is null &**
        **void from its inception, and can be ignored with impunity. See _Marbury v._**
        **_Madison_, 5 U.S. 137 and _Shuttlesworth v. Birmingham, Alabama_, 373 U.S. 262.**

Here the State is attempting to turn a Right into a Privilege and charge a fee for it to raise revenue to pay the bills accrued by operating the State that circumvents a Constitutionally protected Right. Not only is this not a **"Compelling Interest"** but it is not **"Narrowly Tailored"** a requirement under the **Strict Scrutiny** standard, and is an infringement on Norman's common law and Constitutional Rights inclusive.

**12.**

Additionally, the U.S. Supreme Court generally has held that due process requires some kind of hearing before the state deprives a person of liberty or property. The Due Process Clause - The guarantee of due process for all persons requires the government to respect all rights, guarantees, and protections afforded by the U.S. Constitution and all applicable statutes **before** the government can deprive any person of life, liberty, or property. This Right does not say, "Whenever we get around to it." The 5th Amendment Due Process clause states procedure is precedent to a deprivation, not antecedent to the deprivation and is applicable through the Fourteenth Amendment to the States.

Moreover, procedural due process claims involving administrative decisions, when a state affords reasonable remedies to rectify legal errors by local administrative bodies, including avenues of appeal, allegations that the local administrative body reached its decision on erroneous reasoning are not sufficient to establish a procedural due process claim. This theorem creates a slippery slope situation. If Norman was not committing any crime at all, why is he required to invest his time and money in defending a criminal claim for a crime he didn't commit. This theorem also eviscerates the Probable Cause element under the Fourth Amendment.

The Fifth Amendment of the U.S. Constitution "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The answer to Normans fourth question of law is **YES!**

**WHEREFORE:**

**The Plaintiff respectfully prays to the Court for amicable and equitable relief, including but not limited to compensatory, contributory, and punitive damages allowed under applicable law.**

**The Plaintiff respectfully prays to the Court to strike down the licensure statute in this case due to its Constitutionally illegal to impose a sanction or fee for exercising an individual citizen Right to freely travel in America.**

**The Plaintiff respectfully prays the Court review prior State Actions involving similar cases with similar outcomes due to the repetitiveness of the civil rights blatant offenses under States actions involving the Constitutional Protections under the Bill of Rights.**

Respectfully Submitted,

_____

**Norman Lee Gunn**

**PROOF OF SERVICE**

**The undersigned certifies under penalty of perjury
that a true copy of the foregoing was filed**

**_____ With the Clerk of Federal Court**

**a true copy shall be served on each interested party
at their last known address on this**
_10_ **day of** _MARCH_ , _25_.

_____
**NORMAN LEE GUNN**

14.