UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NORMAN LEE GUNN,<br><br>Plaintiff,<br><br>vs.<br><br>KIPP STEARNS, in his individual capacity,<br><br>Defendant. | 4:25-CV-04034-ECS<br><br><br><br>RULE 4(m) NOTICE |

Plaintiff Norman Lee Gunn filed a pro se civil rights lawsuit. Doc. 1. Gunn was granted leave to proceed in forma pauperis, and this Court screened his complaint, dismissing it in part and holding that only claims against Defendant Kipp Stearns in his individual capacity survived screening. Doc. 7. This Court also ordered Gunn to complete and send the Clerk of Court a summons and USM-285 form for the United States Marshals Service to execute service on Stearns. Id. The summons for Stearns was returned unexecuted because he is no longer employed at the address Gunn provided. Doc. 11. "While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for service on [defendants]." Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" Beyer v. Pulaski Cnty. Jail, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted). Here, Gunn has not provided a summons listing the proper address for Stearns.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Pursuant to Fed. R. Civ. P. 4(m), this Court intends to dismiss without prejudice Gunn's complaint if he does not send the Clerk of Court a summons and USM-285 form for Stearns that fixes the deficiencies of the prior service forms or demonstrate good cause for his failure to serve Stearns by **November 28, 2025.** Accordingly, it is

ORDERED that Gunn must complete and return to the Clerk of Court a summons and USM-285 form for Stearns or demonstrate good cause for his failure to serve this Defendant by **November 28, 2025**. On October 21, 2025, the Clerk of Court sent Gunn blank summons and USM-285 forms. Doc. 12. Gunn's failure to complete and return the summons and USM-285 forms as directed by **November 28, 2025**, will result in the dismissal of his complaint without prejudice. It is further

ORDERED that the Clerk of Court will issue the summons upon receipt of the completed summons and USM-285 form. The United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Doc. 1), the memorandum of law (Doc. 6), this Court's screening order (Doc. 7), and this order upon Defendant Stearns. It is further

ORDERED that United States Marshal Service will not be required to attempt service of the summons if the summons and USM-285 form contain deficiencies substantially similar to the deficiencies that resulted in the initial summonses Gunn completed for Defendant Stearns being returned unexecuted. See Doc. 11. It is finally

ORDERED that Defendant Stearns shall serve and file an answer or other responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

DATED October 24, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE