UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NORMAN LEE GUNN,<br><br>             Plaintiff,<br><br>vs.<br><br>KIPP STEARNS,<br><br>             Defendant. | 4:25-CV-04034-ECS<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

Plaintiff Norman Lee Gunn filed a pro se lawsuit alleging violations of his civil rights. Doc. 1. Gunn was granted leave to proceed in forma pauperis, and this Court screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 7. Gunn's due process claims against Defendant Kip Stearns in his individual capacity for money damages for pre-deprivation notice and retention of his property survived screening, and Gunn's other claims were dismissed. Id. Stearns, who is also acting pro se, moves to dismiss Gunn's claims against him. Doc. 17.

## I.      Factual Background as Alleged by Gunn

On September 12, 2023, Turner County Deputy Sheriff Kipp Stearns[1] pulled Gunn over for driving without a license plate on his vehicle. Doc. 1 at 2. Once stopped, Gunn exited his vehicle to ascertain why he had been pulled over. Id. Gunn claims that Deputy Stearns then grabbed his arm, twisted it behind his back, and handcuffed him. Id. Deputy Stearns ultimately issued Gunn a traffic citation for driving without a license plate. Id. About two weeks later,

---

[1] At times throughout the Complaint, Gunn refers to Deputy Kearns. See generally Doc. 1. This Court liberally construes this as a misspelling of Stearns.

Deputy Stearns pulled Gunn over a second time for failing to display a license plate on his vehicle. Id. Again, Deputy Stearns issued Gunn a citation. Id. But this time, he also impounded Gunn's vehicle. Id. at 2–3. Gunn had left his pistol in the vehicle, which Gunn claims was "seized by another deputy without a warrant or any exception to" the warrant requirement. Doc. 6 at 1.

Charges were brought against Gunn but ultimately were dropped. Id. at 2. Gunn states that the Sheriff's Department refused to return his vehicle, even after the prosecutor dismissed all the pending charges. Doc. 1 at 3. Gunn claims that "Deputy Kearns continued to maintain custody and control of [his] vehicle for 111 days without probable cause." Id. Gunn claims that "[i]t took a phone call from [the prosecutor] to effectuate the release of [his] vehicle." Id.

## II.    Legal Standard

Stearns does not specify under what Federal Rule of Civil Procedure he moves to dismiss. See Doc. 17. Because courts must liberally construe pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this Court liberally construes Stearns' filing to be a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). On a motion to dismiss under Rule 12(b)(6), "[c]ourts must accept a plaintiff's factual allegations as true" and construe all reasonable

2

inferences in the plaintiff's favor "but need not accept a plaintiff's legal conclusions." Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012) (citing Ashcroft, 556 U.S. at 678; E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 662 (8th Cir. 2012)).

### III.    Discussion

Stearns' motion to dismiss states in full:

Mr. Gunn

In regards to your civil lawsuit you stated that you do not dispute that you were driving in the State of South Dakota without license plates.  According to South Dakota law which you mention in your response says that two license plates are required.  During both of these traffic stops you presented your South Dakota driver's license as well as proof of insurance.  Having presented both these to myself you were aware of what you needed to drive in South Dakota.

Unfortentely, I can not tell you that you can be a natural person when you are a citizen of South Dakota.  You violated South Dakota law and the probable cause of the traffic stop was not having license plates.  Your vehicle was towed and you were told you needed to pay the tow bill and bring proof of vehicle registration. Those were things that you needed to do not anyone else.  I would move to dismiss these allegations.

- Kipp Stearns

Doc. 17 at 1 (spelling and grammar errors in original).  Gunn filed an "objection," which this Court construes as a response to Stearns' motion to dismiss. Doc. 18.  Although the response is untimely, the Court will consider it because Stearns has not objected to the untimely response.

Gunn's response cites to multiple cases to support his right to travel and ultimately argues that "if the state convert a right (liberty) into a privilege the citizen can ignore the license & fee & engage in the right liberty without impunity." Id. at 1–2 (citation modified).  But this argument is irrelevant because Gunn's claims for violation of his right to travel were dismissed on screening. Doc. 7 at 10–12.  The only claims before the Court are Gunn's claims that he was

3

not provided sufficient notice before his car was impounded and that it was a deprivation of due process rights because his car was kept for 111 days even though charges had been dismissed at some point during that period. Id. at 14–15.

As this Court noted during screening, to show a violation of the Fourteenth Amendment right to due process, "Gunn must prove (1) the deprivation of a constitutionally protected liberty interest, and (2) the denial of adequate procedural protections." Id. at 14; see Allen v. City of Kinloch, 763 F.2d 335, 336 (8th Cir. 1985) (stating that due process only requires the plaintiff to "have had, at a meaningful time and in a meaningful manner, an opportunity to challenge the seizure of his property"). Stearns argues that Gunn's "vehicle was towed and [Gunn was] told [he] needed to pay the tow bill and bring proof of vehicle registration." Doc. 17 at 1. But this fact is not contained in the Complaint. Docs. 1, 6. Because this Court must take the allegations in a complaint as true when ruling on a motion to dismiss, this Court must view as true at this stage Gunn's allegations that he was not provided notice or an opportunity to object to the taking of his car and that Stearns was involved in the allegedly illegal retention of Gunn's car.

## IV.    Conclusion

Accordingly, it is

ORDERED that Stearns' Motion to Dismiss, Doc. 17, is denied. It is further

ORDERED that Stearns shall answer the remaining claims in Gunn's Complaint within **45 days** of the date of this Order. See Fed. R. Civ. P. 12(a)(4)(A). Stearns' answer should comply with Federal Rule of Civil Procedure 8(b). It is finally

4

ORDERED that the Clerk of Court shall send both Stearns and Gunn a copy of Federal

Rule of Civil Procedure 8 and a copy of the District of South Dakota's Civil Local Rules.

DATED this 4th day of June, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

5